**Electronically Filed
Intermediate Court of Appeals
29970
13-MAY-2011
08:13 AM**

NO. 29970


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


ASUNCION R. GARCIA, Plaintiff-Appellant,
v.
HONDA KAIHATSU KOGYO KABUSHIKI KAISHA
dba PEARL COUNTRY CLUB, Defendant-Appellee,
and
JOHN DOES 1-10; JANE ROES 1-10; DOE CORPORATIONS 1-10;
DOE PARTNERSHIPS 1-10; DOE GOVERNMENTAL ENTITIES 1-10;
and DOE ASSOCIATIONS 1-10, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 05-1-0985)


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding J., Fujise and Leonard, JJ.)


Plaintiff-Appellant Asuncion R. Garcia (Garcia) appeals from the Judgment filed on June 30, 2009 in the Circuit Court of the First Circuit[1] (circuit court).

Pursuant to the (1) "Order of Dismissal (Rule 12(c) and Rule 12(q))" (Order of Dismissal) filed on January 7, 2008 and (2) "Order Denying Motion to Set Aside Order of Dismissal and to

---

[1] The Honorable Karen S.S. Ahn presided over the case; however the Honorable Karl S. Sakamoto signed the Judgment.

Reinstate Case and Motion to Allow Substitution of Counsel Filed on June 13, 2008" (Order Denying Reinstatement) filed on August 7, 2008, the circuit court entered judgment in favor of Defendant Honda Kaihatsu Kogyo Kabushiki Kaisha dba Pearl Country Club and against Garcia.

In the Order of Dismissal, the circuit court dismissed without prejudice Garcia's case because she failed to schedule a status conference within 60 days of the filing of her initial pretrial statement, as required by Rules 12(c) and 12(q) of the Rules of the Circuit Courts of the State of Hawai'i (RCCH). Garcia then filed a Motion to Set Aside Order of Dismissal and to Reinstate Case (Motion to Reinstate), which was denied by the circuit court in its Order Denying Reinstatement.

On appeal,[2] Garcia presents seven points of error, contending that the circuit court erred as a matter of law and/or abused its discretion in one or more of the following ways:

(1) failed to afford Garcia's counsel procedural and substantive due process by not giving counsel reasonable notice of the intent to dismiss Garcia's case and a meaningful opportunity to respond and object;

(2) failed to consider the procedural and substantive due process violations by refusing to reinstate Garcia's case;

(3) failed to consider the specific reasons (i.e., good cause) presented for reinstatement;

(4) failed to allow the substitution of counsel to reflect the firm with which Garcia's counsel was practicing at the time the motion was filed;

_____

[2] Garcia's Opening Brief fails to comply with Hawai'i Rules of Appellate Procedure (HRAP) Rule 28(b)(4) in that each point of error does not state "(ii) where in the record the alleged error occurred; and (iii) where in the record the alleged error was objected to or the manner in which the alleged error was brought to the attention of the court or agency." Garcia's counsel is warned that future non-compliance with HRAP 28(b)(4) may result in sanctions against him.

(5) made an erroneous finding of fact in the Order Denying Reinstatement that Garcia's counsel failed to move for an extension of the ten-day period for submission of objections to the dismissal, which finding was not expressed during oral argument;

(6) made an erroneous finding of fact in the Order Denying Reinstatement that Garcia's counsel filed the Motion to Reinstate more than six months after the dismissal; and

(7) failed to consider that the law favors adjudication on the merits.

Garcia asks this court to (1) vacate the Order of Dismissal and remand the case for further proceedings, (2) allow substitution of counsel, and (3) strike misleading findings in the Order Denying Reinstatement.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Garcia's points of error as follows:

(1) Garcia's first point of error is without merit. On June 15, 2007, Garcia filed her pretrial statement. After being warned by the circuit court and as required by RCCH Rule 12(c), Garcia did not schedule the trial setting status conference within 60 days of the filing of her initial pretrial statement. The record indicates that (1) Garcia's attorney received notice on March 24, 2008 that an Order of Dismissal had been filed in the case; (2) after receiving the Order of Dismissal, Garcia's attorney filed his Motion to Reinstate more than two months later on June 13, 2008; and (3) on July 14, 2008, when the circuit court inquired as to why, after learning of the dismissal, it took Garcia's attorney two and a half months to file his Motion to Reinstate, Garcia's attorney responded that he

3

"just absolutely could not do it. I didn't know how to do it, and . . . I couldn't get to it." After receiving the Order of Dismissal, Garcia's attorney did not (1) file a motion to extend the RCCH Rule 12(q) ten-day deadline, or (2) file his Motion to Reinstate within ten days after receiving the Order of Dismissal. Therefore, Garcia's first point of error is without merit because the circuit court did not abuse its discretion when it (1) dismissed Garcia's action for failure to comply with RCCH Rule 12(c) and (2) denied Garcia's Motion to Reinstate. Webb v. Harvey, 103 Hawaiʻi 63, 67, 79 P.3d 681, 685 (App. 2003) (internal quotation marks and citation omitted) ("An abuse of discretion occurs when the trial court has clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant.")

(2) Garcia contends the circuit court erred as a matter of law in failing to consider the lack of due process by refusing to reinstate the case. Garcia was on notice that RCCH Rule 12(q) required the circuit court to dismiss Garcia's case if Garcia did not file a motion "not later than ten (10) days from the date of the order of dismissal." Therefore, Garcia's second point of error is without merit.

(3) Garcia contends the circuit court did not consider the good cause or specific reasons as to why he failed to schedule a trial setting status conference. Garcia argues that "[t]he case was in CAAP. An arbitration hearing was scheduled and was pending. There appears to be no practical reason to schedule a trial setting status conference when the case is in CAAP and an arbitration hearing is pending." Garcia's counsel was warned by the circuit court that counsel was required to

4

follow RCCH Rule 12(c) while Garcia's case was in CAAP.[3] Garcia's third point of error is without merit.

(4)   Garcia contends the circuit court abused its discretion in denying the motion for substitution of counsel to reflect the firm with which Garcia's counsel was practicing at the time the Motion to Reinstate was filed.  Garcia's fourth point of error is moot.  Furthermore, assuming arguendo the circuit court erred, the error was harmless.

(5)   Garcia contends the circuit court's finding in its Order Denying Reinstatement "that no extensions to the ten-day objection period, as set forth by Rule 12(q) of the Rules of the Circuit Courts, were sought by" Garcia's counsel is misleading and should be stricken.  After receiving the Order of Dismissal, Garcia's counsel did not file for an extension of the ten-day deadline; therefore, the statement in the Order Denying Reinstatement was not erroneous.

(6)   Garcia contends the finding in the Order Denying Reinstatement, which states that the Motion to Reinstate was filed "more than six (6) months" after the Order of Dismissal had been filed, is a misleading finding that should be stricken.  The circuit court did not err when it found that Garcia had not filed the Motion to Reinstate until more than six months after the Order of Dismissal was issued because the Order of Dismissal was filed on January 7, 2008 and Garcia filed the Motion to Reinstate on June 13, 2008.  Therefore, Garcia's sixth point of error is without merit.

---

[3]   Hawai'i Arbitration Rules Rule 7 provides in relevant part:

Rule 7.   RELATIONSHIP TO CIRCUIT COURT JURISDICTION AND RULES; FORM OF DOCUMENTS.

. . . .

(E)   Circuit Court Rule 12(q), and all rules of court or of civil procedure requiring the filing of pleadings, remain in effect notwithstanding the fact that a case is under [CAAP].

(7)     Garcia contends the circuit court failed to consider that the law favors adjudication on the merits.  The circuit court gave Garcia on opportunity to have her case adjudicated on the merits.  Despite this, Garcia still did not comply with the rules of court.  Therefore, Garcia's seventh point of error is without merit.

Therefore,

IT IS HEREBY ORDERED that the Judgment filed on June 30, 2009 in the Circuit Court of the First Circuit is affirmed.

DATED:   Honolulu, Hawai'i, May 13, 2011.

On the briefs:

Robin R. Horner
for Plaintiff-Appellant.

Dean E. Ochiai
Brenda E. Morris
Randall Y. Kaya
Adrian Y. Chang
(Law Offices of Dean E.
Ochiai)
for Defendant-Appellee.

Presiding Judge

Associate Judge

Associate Judge